**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| West Loop Chiropractic & Sports Injury Center, Ltd. et al., | ) <br> ) <br> ) |
| Plaintiffs, | )   16-cv-5856 <br> ) |
| v. | )   Jeffrey T. Gilbert <br> )   Magistrate Judge |
| North American Bancard, LLC et al, | ) <br> ) |
| Defendants. | ) |

## ORDER

Further to the Court's order of 1/6/17 [65] ruling on certain matters raised in the context of the parties' Joint Motion to Resolve Discovery Dispute [53], and Defendant's subsequent request to limit Plaintiffs' class discovery requests [75, 78], the Court denies Defendant's request and orders it to provide or produce to Plaintiffs the information and documents in its possession, custody, or control that Plaintiffs have requested relating to faxes promoting Defendant's goods or services, sent out by or on behalf of Defendant and up to 10 other entities in addition to Merchant Payment Processing, Inc. (as described in paragraph 12 of Plaintiffs' Position Statement on Defendant's Discovery Objections [78]), between June 2, 2012 and June 2, 2016, that do not contain an opt-out notice. See Statement below for further details.

## STATEMENT

Many of Plaintiffs' discovery requests (both interrogatories and requests for production of documents) ask for information relating to faxes sent by or on behalf of Defendant North American Bancard LLC ("Defendant" or "NAB") promoting its goods or services, between June 2, 2012, and June 2, 2016 (the day before the complaint in this case was filed), that do not contain an opt-out notice. Plaintiffs want this information because they plan to seek certification of a class of people who received such faxes. NAB objects to these discovery requests because it says they seek irrelevant information and requiring Defendant to produce the information would be unduly burdensome and not proportional to the needs of this case.

The Court agrees with Plaintiffs that the information they seek is relevant to a decision concerning the scope and definition of any class that might be certified in this case. Class discovery is ongoing, and it is set to close on March 17, 2017. [ECF No. 68.] A number of courts in TCPA cases have certified classes similar in definition and scope to the class Plaintiffs here plan to ask the court to certify, that is, a class that includes people who did not receive the exact same fax that the named plaintiffs received but received faxes of a similar nature during a four year statute of limitations look-back period. *Alpha Tech Pet, Inc. v. Lagasse*, 2016 WL 4678316 (N.D. Ill. Sept. 7, 2016); *Saf-T-Gard International, Inc. v. Vanguard Energy Services, LLC*, 2012 WL 6106714 (N.D. Ill. Dec. 6, 2012); *Bridgeview Health Care Center, Ltd. v. Clark,*

2011 WL 4628744 (N.D. Ill. Sept. 30, 2011); *Hinman v. M and M Rental Center, Inc.,* 545 F. Supp.2d 802 (N.D. Ill. 2008).

At least one court has declined to certify a proposed class that was composed of people who received 18 faxes the named plaintiff did not receive. *Brodsky v. Humana Dental Insurance Company,* 2016 WL 5476233 (N.D. Ill. Sept. 29, 2016). But that court also noted that "most of these other faxes were not even the subject of discovery in this (long-running) litigation." *Id.* at *7. Plaintiffs here are attempting to address the shortcoming that the court noted in *Brodsky* by seeking discovery about faxes sent out by or on behalf of NAB that were similar to those received by the named Plaintiffs.

NAB argues that Judge Guzman in *Fauley v. C. Specialties, Inc.,* 15-cv-5581, [ECF No. 36] (N.D. Ill. Oct. 28, 2015), denied a request by the named plaintiffs in that putative TCPA class action for discovery relating to faxes other than those the named plaintiffs received from the defendant. In that case, however, the court observed that "[t]he justification for this expansive discovery appears to be simply that the improper fax message to Plaintiff is, by itself, a sufficient basis for a reasonable belief that Defendant has sent other improper faxes (presumably to individuals other than Plaintiff) during the last four years." *Id.* at 2. The *Fauley* case arguably is particularly relevant to this one as Judge Guzman also is the district judge who will decide the class certification question in this case. The facts in this case, however, are distinguishable from *Fauley.* In this case, NAB admits in a waiver application it filed with the Federal Communications Commission that it sent out faxes prior to April 30, 2015, that did not contain proper opt-out notices. Plaintiffs' Position Statement, Appendix 1 [ECF No. 78-1]. In addition, Plaintiffs here have supplemented their Rule 26(a)(1) disclosures with the name of at least one recipient of a fax from NAB that did not contain an opt-out notice that is different from the fax received by the named Plaintiffs. Plaintiffs' Position Statement, Appendix 2 [ECF No. 78-1]. Therefore, Plaintiffs' discovery requests in this case are grounded in something more than mere speculation and suspicion.

Accordingly, the Court overrules Defendant NAB's relevance objection. Plaintiffs' discovery requests here pass the threshold relevance test as the information they are seeking from NAB is relevant to their argument concerning the nature and scope of the class they say should be certified in this case. As such, the discovery requests satisfy the requirement of Rule 26(b) of the Federal Rules of Civil Procedure that discovery be relevant to a claim or defense. This does not mean that Plaintiffs necessarily will be able to satisfy their burden of showing that a class that includes people who received faxes similar to those sent to the named Plaintiffs is appropriate. It only means that Plaintiffs are entitled to discovery that will help them make that argument.

Plaintiffs also have sufficiently met NAB's objection that producing the information Plaintiffs have requested would be unduly burdensome and not proportional to the needs of the case. NAB argued that searching for the information Plaintiffs are requesting would require it to review and research the conduct of over 7,000 entities or individuals who may have sent out the type of faxes referenced by Plaintiffs in their discovery requests. Plaintiffs now have limited their request to information relating to faxes promoting NAB's goods or services that were sent out by or on behalf of NAB and up to only 10 other entities in addition to Merchant Payment

Processing, Inc. (as described in paragraph 12 of Plaintiffs' Position Statement on Defendant's Discovery Objections [ECF No. 78]), between June 2, 2012 and June 2, 2016, that do not contain an opt-out notice. With this limitation, Plaintiffs have blunted NAB's undue burden and proportionality arguments. In the Court's view, Plaintiffs have reduced substantially the burden on NAB in responding to their discovery requests so that those requests now seek information that is proportional to the needs of the case considering the potential relevance of the information requested in the context of a class certification decision.

Plaintiffs say they suggested this limitation to NAB's counsel after a court hearing on January 12, 2017. NAB filed its Position Statement on the Scope of Plaintiffs' Class Discovery Request [ECF No. 75] on January 18, 2017, without mentioning the limitation Plaintiffs say they suggested. Plaintiffs reiterated their suggestion in their own Position Statement filed on January 24, 2017 [ECF No. 78, at ¶ 12]. The Court does not know why NAB did not address Plaintiffs' proposal in its Position Statement. NAB, however, appears to rest on its argument that the production of <u>any</u> information or documents relating to faxes sent to people other than Plaintiffs would be improper in this case. Defendant's Position Statement [ECF No. 75, at ¶ 13] ("Any purported documents and/or information Plaintiffs seek related to facsimiles that Plaintiffs never received are irrelevant to this action, unduly burdensome to NAB, and not proportional to the cost to NAB of producing such discovery.") For the reasons discussed above, however, the Court disagrees with that absolutist characterization and argument.

Accordingly, Defendant NAB must provide or produce to Plaintiffs information and documents in its possession, custody, or control that Plaintiffs have requested relating to faxes promoting NAB's goods or services that were sent out by or on behalf of NAB and up to 10 other entities in addition to Merchant Payment Processing, Inc. (as described in paragraph 12 of Plaintiffs' Position Statement on Defendant's Discovery Objections [ECF No.78]), between June 2, 2012 and June 2, 2016, that do not contain an opt-out notice. If Plaintiffs and NAB cannot agree on the 10 entities, then they should promptly bring their dispute to the Court and the Court will resolve it. If Plaintiffs and NAB agree to a smaller group, that is fine, too.

The Court understands that this ruling affects a number of Plaintiffs' interrogatories and requests for production of documents. For example, Defendant says the issue is implicated by Plaintiffs' Interrogatories 5, 6, 7, 9, 10, 11, 12, and 14; and in their Requests for Production 1, 2, 6, 12, 14, 20, 22, 23, 29, and 30. Defendant's Position Statement [ECF No. 75, at ¶ 4.] The Court assumes the parties can translate this ruling meaningfully in the context of the particular interrogatories and requests for production that are at issue. If not, they promptly should seek additional guidance from the Court.

This case is set for a status hearing and a report on the parties' continued progress with discovery on February 21, 2017, at 10:30 a.m. If the parties need additional direction before they can translate the Court's ruling into action, or if other discovery issues arise that require the Court's attention, the parties should not wait until that status hearing to request the Court's attention.

It is so ordered.

Dated: January 30, 2017

Jeffrey T. Gilbert
United States Magistrate Judge