## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| WEST LOOP CHIROPRACTIC<br>& SPORTS INJURY CENTER, LTD.,<br>and WEST LOOP HEALTH & SPORTS<br>PERFORMANCE CENTER, LLC,<br>on behalf of plaintiffs and<br>the class members defined herein, | )<br>)<br>)<br>)<br>)<br>) | |
| | ) | 16 C 5856 |
| Plaintiffs, | ) | |
| | ) | Judge Guzman |
| v. | ) | Magistrate Judge Gilbert |
| | ) | |
| NORTH AMERICAN BANCARD, LLC,<br>and JOHN DOES 1-10, | )<br>) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| MARTIN M. MATUS, O.D.,<br>on behalf of plaintiff and<br>the class members defined herein, | )<br>)<br>) | |
| | ) | 19 C 1797 |
| Plaintiff, | ) | |
| | ) | Judge Dow |
| v. | ) | Magistrate Judge Valdez |
| | ) | |
| NORTH AMERICAN BANCARD, LLC,<br>and JOHN DOES 1-10, | )<br>) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFFS' *UNOPPOSED* MOTION FOR PRELIMINARY APPROVAL

Plaintiffs West Loop Chiropractic & Sports Injury Center, Ltd. and West Loop Health & Sports Performance Center, LLC (collectively, "West Loop") and Martin M. Matus, O.D. ("Matus") (Matus and West Loop are collectively referred to as "Plaintiffs") respectfully request that this Court grant the Motion for Preliminary Approval of Settlement: (i) preliminarily certifying a class for settlement purposes; (ii) granting preliminary approval of the Settlement Agreement

attached hereto as Appendix A; and (iii) appointing West Loop and Matus as Class Representatives and Daniel A. Edelman, Cathleen M. Combs and Heather Kolbus of Edelman, Combs, Latturner & Goodwin, LLC as class counsel.  In support of this motion, Plaintiffs state as follows:

1.      In the lawsuit captioned *West Loop Chiropractic & Sports Injury Center, Ltd. et al. v. North American Bancard, LLC*, docket number 16 C 5856, pending in the United States District Court for the Northern District of Illinois, Eastern Division ("West Loop Litigation"), West Loop alleges that North American Bancard, LLC ("NAB" or "Defendant") violated the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq. ("TCPA"), by sending, directly or indirectly through its agents, unsolicited advertisements via facsimile to West Loop and a nationwide class of individuals and entities.

2.      In the lawsuit captioned *Martin M. Matus, O.D. v. North American Bancard, LLC*, et al, docket number 19 C 1797, pending in the United States District Court for the Northern District of Illinois, Eastern Division ("Matus Litigation"), Matus alleges that Defendant violated the TCPA and the Illinois Consumer Fraud Act, 815 ILCS 505/2 by sending, directly or indirectly through its agents, unsolicited advertisements via facsimile to Matus and a nationwide class of individuals and entities.

3.      Counsel for Plaintiffs and Defendant have reviewed and analyzed the legal and factual issues presented in this action, the risks and expense involved in pursuing the litigation to conclusion, the likelihood of Plaintiffs and the class recovering damages, if any, in excess of those obtained through this settlement, the protracted nature of the litigation, and the likelihood, costs and possible outcomes of one or more procedural and substantive appeals.

4.      Counsel for Plaintiffs and Defendant have engaged in wide-ranging discovery, investigated the facts and the applicable law, retained and consulted with expert witnesses

concerning those facts and applicable law, and participated in two mediation sessions before the

Hon. James Holderman (ret.) on August 22, 2017 and September 26, 2018, as well as two

settlement conferences before the Hon. Maria Valdez on October 1, 2020 and November 12, 2020.

5.      The Court certified a class in *West Loop Chiropractic & Sports Injury Center, Ltd.*

*v. North American Bancard, LLC*, 16 C 5856, 2018 U.S. Dist. LEXIS 132830 (N.D Ill. Aug. 7,

2018).  A notice of pendency of class action was sent by fax on October 19, 2018.  (*Dkt. No. 184*)

6.      Based on a review and analysis following extensive discovery, including over 20

depositions and expert discovery, Plaintiffs and Defendant entered into the Settlement Agreement,

attached hereto as Appendix A.[1]

7.      The parties desire to settle and compromise the litigation on the terms and

conditions embodied in the Settlement Agreement, including, without limitation, the following:

a.      Class Certification.  The parties agree to the certification of a class, for

settlement purposes only, consisting of:

> All persons with fax numbers, who during the Class Period, were sent faxes by or on behalf
> of North American Bancard, LLC, promoting its goods or services for sale.

The Class Period means April 6, 8, 12, 18, 20, 25, 26 and 27; May 4, 9, 12, 20, 25 and 26; June 8,

22, and 23; July 28; and August 4, 8, 9, 10, 12, 18 and 23, 2016.  Based on a review of records

produced by non-party, Ring Central, Inc., and after conducting a reasonable investigation of

available information and records, including the discovery conducted in the West Loop Litigation,

62,496 facsimiles were successfully transmitted by non-party Merchant Payment Processing

("MPP") to 44,986 unique facsimile numbers during the Class Period which Plaintiffs allege are

unsolicited facsimile advertisements as defined by the TCPA and were sent on behalf of

---

[1]   All capitalized terms not otherwise defined herein are defined in accordance with the definitions set forth in the
Settlement Agreement.

Defendant.

8.      Settlement Recovery. Defendant shall deposit $2,200,000.00 into the Settlement Fund for the benefit of the Settlement Class, Plaintiffs and Settlement Class Counsel. If approved by the Court, the Settlement Fund will be distributed as follows:

a.      All costs of notice and administration expenses will be paid from the Settlement Fund up to a maximum of $100,000.00.  Any notice or administrative expenses that exceed $100,000.00, but are less than or equal to $110,000.00, will be paid by Defendant, in addition to the Settlement Fund.  Any notice or administration expenses that exceed $110,000.00 will be paid equally by Defendant and Settlement Class Counsel, in addition to the Settlement Fund. The Settlement Fund less notice and administration expenses are the Net Settlement Fund.

b.      The amount awarded by the Court to Settlement Class Counsel for its attorneys' fees and costs, which fees and costs shall not be sought by Plaintiffs, the Settlement Class, or Settlement Class Counsel in an amount no greater than 1/3 of the Net Settlement Fund. By way of example, if the costs of notice and administration are $100,000.00, then Plaintiffs may seek attorney's fees and costs in the amount of $700,000.00.  This amount is subject to change based on the actual costs of notice and administration but will not exceed 1/3 of the Net Settlement Fund.

c.      The West Loop Plaintiffs shall receive an award of $25,000.00 as an incentive award for their services as Class Representatives, subject to the Court's approval.  This amount shall be in addition to any amount the West Loop Plaintiffs may recover as a Settlement Class Member.

d.      Plaintiff Matus shall receive an award of $10,000.00 as an incentive award for his services as a Class Representative, subject to the Court's approval.  This amount shall be

4

in addition to any amount Plaintiff Matus may recover as a Settlement Class Member.

        e.      The Net Settlement Fund less the incentive awards set forth in paragraph 8(c) and (d), *supra*, if approved by the Court, and the attorney's fees and costs set forth in paragraph 8(b), *supra*, if approved by the Court, is the Settlement Class Recovery.  The Settlement Class Recovery will be divided *pro rata* among Settlement Class Members who timely submit a valid Claim Form per successful fax transmission to such unique fax number ("Initial Distribution").

      If after the Initial Distribution, there is sufficient money remaining in the Settlement Class Recovery to pay each Settlement Class Member who cashed his/her/its Initial Distribution a minimum of $15.00 each, then there shall be a second *pro rata* distribution of the Settlement Class Recovery to the Settlement Class Members who timely submit a valid claim form.

        f.      All settlement checks shall be void 60 days from the date of issuance and shall so state on the check. Any undistributed amounts remaining in the Settlement Class Recovery after all payments required under the Settlement Agreement have been made shall be distributed to a *cy pres* recipient(s), recommended by the parties and approved by the Court.

      9.    <u>Class Notice</u>.    The Notice and Claim Form are attached to the Settlement Agreement as <u>Exhibit 1</u>.  The Settlement Agreement provides for notice by fax.  After a total of 3 unsuccessful attempts to transmit the Notice and Claim Form to a Settlement Class Member by fax, the Settlement Class Administrator shall determine if a valid mailing address is ascertainable for those fax numbers.  If a mailing address is ascertainable, the Settlement Class Administrator shall send the notice and claim form by First Class U.S. Mail, with a request for forwarding addresses, to the address associated with the fax phone numbers identified on the Fax List.  The Settlement Class Administrator will check each address against the United States Post Office

National Change of Address Database prior to the mailing. In the event a notice is returned as undeliverable and without a forwarding address, the Settlement Class Administrator shall make a reasonable attempt to locate an alternative address and send notice as soon as practicable. In the event that a notice is returned as undeliverable and a forwarding address is provided, the Settlement Class Administrator shall forward any such returned notice to the address provided by U.S. Mail.

The Settlement Class Administrator shall also create, maintain, and host a dedicated settlement website ("Settlement Website"). The Settlement Website shall provide the Settlement Class Members access to copies of the complaint, answer, if any, the Settlement Agreement (excluding exhibits), Notice and Claim Form, this motion for preliminary approval, the preliminary approval order, and Settlement Class Counsel's fee petition. The Settlement Class Administrator shall also set up a toll-free telephone number for receiving toll-free calls related to the Settlement.

Settlement Class Counsel will also post the notice and the Settlement Agreement (excluding exhibits) on their firm's website at their own expense.

The Settlement Agreement provides that five (5) days after entry of the Preliminary Approval Order, Settlement Class Counsel shall provide the Settlement Class Administrator with the Fax List. Within thirty-five (35) days after entry of the Preliminary Approval Order, the Settlement Class Administrator shall cause Notice and Claim Form in the form of Exhibit 1 to be disseminated to all person in the Settlement Class. The persons and entities which comprise the Settlement Class shall have 60 days to submit a Claim Form, opt out, or object to the Settlement, after notice is sent by fax.

10.    Class Members' Right to Opt Out. Any member of the Settlement Class may seek to be excluded from the Settlement Agreement and the releases therein by opting out of the Settlement Class within the time period set by this Court. Any member who opts out of the

Settlement Class shall not be bound by the terms of the Settlement Agreement and shall not be entitled to any of the monetary benefits set forth in the Settlement Agreement. Class members will have at least 60 days after the Settlement Class Administrator sends Notice to opt out of the Settlement Agreement.

11. <u>Claim Form</u>. In order to receive the consideration provided under the Settlement Agreement, each Settlement Class Member must timely return a Claim Form, which will be provided with the Notice sent via fax or U.S. Mail and is available on the Settlement Website. Settlement Class Members will return claim forms via fax, U.S. Mail or on the Settlement Website. After the deadline for the receipt of claim forms expires, the Settlement Class Administrator will determine the number of valid Claim Forms received based on the Fax List.

12. <u>Class Members' Right to Object</u>. Any Settlement Class Member may object to the Settlement Agreement by filing with the Court and mailing to Settlement Class Counsel and counsel for Defendant a written objection within the time period set by this Court. Any Settlement Class Member who objects to the Settlement Agreement may appear and be heard at the final approval hearing. Settlement Class Members will have at least 60 days after the Settlement Class Administrator sends Notice to object to the Settlement Agreement.

13. Federal Rule of Civil Procedure 23(a) makes class certification appropriate in cases where:

> **(1) The class is so numerous that joinder of all members is impracticable,**
>
> **(2) There are questions of fact or law common to the class,**
>
> **(3) The claims or defenses of the representative parties are typical of the claims defenses of the class, and**
>
> **(4) The representative parties will fairly and adequately protect the interest of the class.**

Further, Federal Rule of Civil Procedure 23(b)(3) provides that a class action is maintainable if

the above prerequisites have been met and:

> **the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.**

As demonstrated below, each of the requirements for certification of the Settlement Class is met.

a.      Rule 23(a)(1)  --  Numerosity.  Fed. R. Civ. P. 23(a)(1) requires that the

class be "so numerous that joinder of all members is impracticable." The numerosity requirement

is satisfied if it is reasonable to conclude that the number of members of the proposed class is

greater than the minimum number required for class certification, which varies but is about 40.

*Kulins v. Malco*, 121 Ill. App. 3d 520, 530, 459 N.E.2d 1038 (1st Dist. 1984) (19 and 47 sufficient);

*Swanson v. American Consumer Industries*, 415 F.2d 1326, 1333 (7th Cir. 1969) (40 class

members sufficient); *Cypress v. Newport News General & Nonsectarian Hosp. Ass'n*, 375 F.2d

648, 653 (4th Cir. 1967) (18 sufficient); *Riordan v. Smith Barney*, 113 F.R.D. 60, 62 (N.D. Ill.

1986) (10-29 sufficient); *Sala v. National R. Pass. Corp.*, 120 F.R.D. 494, 497 (E.D. Pa. 1988)

(40-50 sufficient); *Scholes v. Stone, McGuire & Benjamin*, 143 F.R.D. 181, 184 (N.D. Ill. 1992)

(72 class members).

In the present case, 62,496 facsimiles were successfully transmitted by MPP on behalf of

NAB to 44,986 unique fax numbers during the Class Period.  Plaintiffs allege that the faxes were

unsolicited facsimile advertisements as defined in the TCPA and were sent on behalf of Defendant.

This plainly satisfies the numerosity requirement.

b.      Rule 23(a)(2)  -- Commonality; and Rule 23(b)(3)- Common Questions of

Law or Fact Predominate.   Fed. R. Civ. P. 23(a)(2) requires that there be a common question of

law or fact. Rule 23(b)(3) requires that the questions of law or fact common to the Settlement Class predominate over questions pertaining to individual members. The commonality requirement is satisfied if there are common questions linking the class members that are substantially related to the outcome of the litigation. *Blackie v. Barrack*, 524 F.2d 891, 910 (9th Cir. 1975). Common questions predominate if classwide adjudication of the common issues will significantly advance the adjudication of the merits of all class members' claims. *McClendon v. Continental Group, Inc.*, 113 F.R.D. 39, 43-44 (D.N.J. 1986); *Genden v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 114 F.R.D. 48, 52 (S.D.N.Y. 1987); *Spicer v. Chicago Board Options Exchange*, CCH Fed.Sec.L.Rptr. [1989-90 Transfer Binder] ¶94,943, at p. 95,254 (N.D. Ill. 1990); *Alexander Grant & Co. v. McAlister*, 116 F.R.D. 583, 590 (S.D. Ohio 1987). Where a case involves "standardized conduct of the defendants toward members of the proposed class, a common nucleus of operative facts is typically presented, and the commonality requirement . . . is usually met." *Franklin v. City of Chicago*, 102 F.R.D. 944, 949 (N.D.Ill. 1984); *Patrykus v. Gomilla*, 121 F.R.D. 357, 361 (N.D. Ill. 1988).

Here, there are questions of law and fact common to the Settlement Class that predominate over any questions affecting only individual class members. The predominant common questions include:

> (1)     Whether Defendant engaged in a pattern of sending unsolicited advertising facsimiles;
>
> (2)     Whether Defendant had obtained consent from or had a prior business relationship with any of the recipients of the alleged unsolicited advertising facsimiles;
>
> (3)     Whether Defendant thereby violated the TCPA;
>
> (4)     The manner in which Defendant compiled or obtained their list of fax numbers;

9

(5)     Whether Defendant thereby violated the ICFA.

The Settlement Class is defined in terms of all persons with fax numbers, who during the Class Period, were sent faxes by or on behalf of North American Bancard, LLC, promoting its goods or services for sale.

Several courts have certified class actions under the TCPA. *West Loop Chiropractic & Sports Injury Center, Ltd. v. North American Bancard, LLC*, 16 C 5856, 2018 U.S. Dist. LEXIS 132830 (N.D Ill. Aug. 7, 2018); *Holtzman v. Turza*, 08 C 2014, 2009 WL 3334909 (N.D. Ill., Oct. 14, 2009), aff'd in relevant part, 728 F.3d 682 (7th Cir. 2013); *CE Design Ltd. v. Cy's Crabhouse North, Inc.*, 07 C 5456, 2009 U.S. Dist. LEXIS 67323 (N.D. Ill. July 27, 2009); *Sadowski v. Med1 Online, LLC*, 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); *Hinman v. M & M Rental Ctr.*, 06 C 1156, 2008 U.S. Dist. LEXIS 27835 (N.D.Ill., April 7, 2008); *Targin Sign Sys. v. Preferred Chiropractic Ctr., Ltd.*, 679 F.Supp. 2d 894 (N.D. Ill 2010); *Garrett v. Ragle Dental Lab, Inc.*, 10 C 1315, 2010 WL 4074379 (N.D. Ill. Oct. 12, 2010); *Lampkin v. GGH, Inc.*, 146 P.3d 847 (Okla. Ct. App. Oct. 31, 2006); *Display South, Inc. v. Express Computer Supply, Inc.*, 961 So.2d 451, 455 (La. App. 1st Cir. 2007); *Transportation Institute v. Promo Dart, Inc.*, No. 06-2-03460-1 (King Co. Sup. Ct. Wash., Nov. 14, 2006); *Kavu, Inc. v. Omnipak Corporation*, 246 F.R.D. 642 (W.D. Wash. 2007); *ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.*, 203 Airz. (App.) 94, 50 P.3d 844 (2002); *Critchfield Physical Therapy v. Taranto Group, Inc.*, 293 Kan. 285, 263 P.3d 767 (2011); *Karen S. Little, LLC v. Drury Inns, Inc.*, 306 S.W.3d 577 (Mo. App. 2010).

c.     Rule 23(a)(3) – Typicality.   Rule 23 requires that the claims of the named Plaintiffs be typical of the claims of the Settlement Class:

A plaintiff's claim is typical if it arises from the same event or practice or course of

conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory. The typicality requirement may be satisfied even if there are factual distinctions between the claims of the named plaintiffs and those of other class members. Thus, similarity of legal theory may control even in the face of differences of fact.

*De La Fuente v. Stokely Van Camp, Inc.,* 713 F.2d 225, 232 (7th Cir. 1983) (citation omitted).

In the instant case, typicality is inherent in the class definition. By definition, each of the members of the Settlement Class has been subjected to the same practice as the named Plaintiffs, namely they are persons with fax numbers, who during the Class Period, were sent faxes by or on behalf of NAB, promoting its goods or services for sale.

d.      Rule 23(a)(4) -- Adequacy of Representation. The adequacy of representation requirement involves two factors: (a) the plaintiff's attorney must be qualified, experienced, and generally able to conduct the proposed litigation; and (b) the plaintiff must not have interests antagonistic to those of the class. *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992).

Plaintiffs will fairly and adequately protect the interests of the class. Plaintiffs have retained counsel experienced in handling class actions and claims involving unlawful business practices. Counsel's qualifications are set forth in Appendix B. Neither Plaintiffs nor Plaintiffs' counsel have any interests which might cause them not to vigorously pursue this action.

e.      Rule 23(b)(3) -- Class Action Is Superior to Other Available Methods of Resolving This Controversy. A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of members of the Settlement Class individually controlling the prosecution of separate claims is small because generally the members are unaware of their rights and have damages such that it is not feasible for them to bring individual actions. "[O]ne of the primary functions of the class suit is to provide a device for vindicating claims which,

11

taken individually, are too small to justify legal action but which are of significant size if taken as a group." *Brady v. LAC, Inc.*, 72 F.R.D. 22, 28 (S.D.N.Y. 1976).

The special efficacy of the consumer class action has been noted by the courts and is applicable to this case:

> A class action permits a large group of claimants to have their claims adjudicated in a single lawsuit. This is particularly important where, as here, a large number of small and medium sized claimants may be involved. In light of the awesome costs of discovery and trial, many of them would not be able to secure relief if class certification were denied . . . .

*In re Folding Carton Antitrust Litigation*, 75 F.R.D. 727, 732 (N.D. Ill. 1977) (citations omitted).

Another court has noted:

> Given the relatively small amount recoverable by each potential litigant, it is unlikely that, absent the class action mechanism, any one individual would pursue his claim, or even be able to retain an attorney willing to bring the action. As Professors Wright, Miller, and Kane have discussed in analyzing consumer protection class actions such as the instant one, 'typically the individual claims are for small amounts, which means that the injured parties would not be able to bear the significant litigation expenses involved in suing a large corporation on an individual basis. These financial barriers may be overcome by permitting the suit to be brought by one or more consumers on behalf of others who are similarly situated.' 7B Wright et al., §1778, at 59; see, e.g., Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 809 (1985) ('Class actions . . . may permit the plaintiffs to pool claims which would be uneconomical to litigate individually.'). The public interest in seeing that the rights of consumers are vindicated favors the disposition of the instant claims in a class action form.

*Lake v. First Nationwide Bank*, 156 F.R.D. 615, 625 (E.D. Pa. 1994) .

14.     As set forth above, 62,496 facsimiles were successfully transmitted to 44,986 unique facsimile numbers during the Class Period, which Plaintiffs allege are unsolicited facsimile advertisements as defined by the TCPA and were sent by MPP on behalf of Defendant. Plaintiffs and Defendant negotiated a comprehensive settlement that confers substantial economic relief to all class members.

15.     Counsel for Plaintiffs and the proposed Settlement Class believe that the settlement of this action on the terms and conditions set forth in the Settlement Agreement is fair, reasonable, and adequate, and would be in the best interest of the class members.

WHEREFORE, Plaintiffs respectfully request that this Court enter an order in the form of Exhibit 2 to the Settlement Agreement, which (i) grants preliminary approval of the proposed settlement, (ii) appoints West Loop and Matus as Class Representatives and Daniel A. Edelman, Cathleen M. Combs and Heather Kolbus of Edelman, Combs, Latturner & Goodwin, LLC as class counsel; (iii) directs the dissemination of the Class Notice and a Claim Form in the form of Exhibit 1 to the Settlement Agreement by fax or First Class U.S. Mail as set forth in the Settlement Agreement, and (iv) sets dates for submission of Claim Forms, opt-outs, appearances and objections, and schedules a hearing for final approval under Fed. R. Civ. P. 23(c)(2).

Respectfully submitted,

s/ Heather Kolbus
Heather Kolbus

Daniel A. Edelman
Cathleen M. Combs
Heather Kolbus
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, IL 60603
(312) 739-4200
(312) 419-0379 (FAX)

## <u>CERTIFICATE OF SERVICE</u>

       I, Heather Kolbus, hereby certify that on Monday, April 5, 2021, I caused a true and accurate copy of the foregoing document to be filed via the Court's CM/ECF system, which caused notification to be sent via email to the following parties:

       Beth-Ann E. Krimsky – <u>beth-ann.krimsky@gmlaw.com</u>
       Lawren Zann – <u>lawren.zann@gmlaw.com</u>
       Greenspoon Mather LLP
       200 East Broward Blvd, Suite 1800
       Fort Lauderdale, FL  33301

       Timothy A. Hudson – <u>thudson@tdrlawfirm.com</u>
       Tabet DiVito & Rothstein LLC
       209 South LaSalle Street, 7th Floor
       Chicago, IL  60604

<u>/s/ Heather Kolbus</u>
Heather Kolbus

Daniel A. Edelman
Cathleen M. Combs
Heather Kolbus
**EDELMAN, COMBS, LATTURNER**
     **& GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)