IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WEST LOOP CHIROPRACTIC & SPORTS INJURY CENTER, LTD., and WEST LOOP HEALTH & SPORTS PERFORMANCE CENTER, LLC, on behalf of plaintiffs and the class members defined herein,<br><br>      Plaintiffs,<br><br>v.<br><br>NORTH AMERICAN BANCARD, LLC, and JOHN DOES 1-10,<br><br>      Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | 16 C 5856<br><br>Judge Guzman<br>Magistrate Judge Gilbert |
| MARTIN M. MATUS, O.D., on behalf of plaintiff and the class members defined herein,<br><br>      Plaintiff,<br><br>v.<br><br>NORTH AMERICAN BANCARD, LLC, and JOHN DOES 1-10,<br><br>      Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | 19 C 1797<br><br>Judge Guzman<br>Magistrate Judge Valdez |

## FINAL APPROVAL ORDER

On April 26, 2021, this Court entered an order granting preliminary approval (the "Preliminary Approval Order") of the class Settlement Agreement[1] between Plaintiffs West Loop Chiropractic & Sports Injury Center, Ltd., West Loop Health & Sports Performance Center, LLC

---

[1] Unless otherwise defined herein, all capitalized terms used in this Order that are defined terms in the Settlement Agreement shall have the same meaning as set forth in the Settlement Agreement.

1

(collectively, "West Loop") and Martin M. Matus, O.D. ("Matus") (Matus and West Loop are collectively, "Plaintiffs"), on their own behalf and on behalf of the Settlement Class (as defined below), and Defendant North American Bancard, LLC ("NAB" or "Defendant"), as memorialized in the Settlement Agreement.

On September 9, 2021, the Court held a fairness hearing (the "Fairness Hearing"), for which members of the Settlement Class had been given appropriate notice and were invited to appear, including those with any objections. An opportunity to be heard was given to all persons requesting to be heard in accordance with the Preliminary Approval Order. No persons appeared in Court seeking to address the proposed settlement. Having considered the Parties' Settlement Agreement, Plaintiffs' Fee Petition, Plaintiffs' Memorandum in Support of Final Approval of the Class Action Settlement and all other evidence submitted, and good cause having been shown,

**IT IS HEREBY ORDERED THAT:**

1. This Court has jurisdiction over Plaintiffs, Defendant, members of the Settlement Class, and the claims asserted in the West Loop Litigation and Matus Litigation for purposes of settlement only.

2. The Settlement Agreement was entered into in good faith following arm's length negotiations and is non-collusive.

3. This Court grants final approval of the Settlement Agreement, including, but not limited to, the releases in the Settlement Agreement, and finds that it is in all respects fair, reasonable, adequate, and in the best interest of the Settlement Class. Therefore, all members of the Settlement Class who have not opted out are bound by this Order finally approving the settlement as set forth in the Settlement Agreement. Franklin Medical Center – Andres Enriquez

MD, PA exercised its right to opt out of the Settlement Agreement and, thus, is excluded from the settlement set forth in the Settlement Agreement. *Dkt. No.* 322.

### Class Certification

4. The Settlement Class is now finally certified for purposes of settlement pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3):

> All persons with fax numbers, who during the Class Period, were sent faxes by or on behalf of North American Bancard, LLC, promoting its goods or services for sale.

The Class Period means April 6, 8, 12, 18, 20, 25, 26, and 27; May 4, 9, 12, 20, 25 and 26; June 8, 22, and 23; July 28; and August 4, 8, 9, 10, 12, 18 and 23, 2016.

5. The Court finds that certification solely for purposes of settlement is appropriate in that: (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Settlement Class and those questions predominate over any questions affecting only individual class members; (c) Plaintiffs' claims are typical of the claims of the Settlement Class; (d) Plaintiffs will fairly and adequately protect the interests of the class; (e) Edelman, Combs, Latturner & Goodwin, LLC is adequate class counsel; and (f) a class action is the superior method for the fair and efficient adjudication of this controversy.

6. West Loop Chiropractic & Sports Injury Center, Ltd., West Loop Health & Sports Performance Center, LLC and Martin M. Matus, O.D. are designated as representatives of the Settlement Class.

7. Daniel A. Edelman, Cathleen M. Combs, and Heather Kolbus of Edelman, Combs, Latturner and Goodwin, LLC are appointed as Class Counsel.

**Class Notice**

8. The Class Notice (as described in the Settlement Agreement) fully complies with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement of the West Loop Litigation and Matus Litigation. The Court has approved the forms of notice to the Settlement Class.

9. With respect to the Settlement Class, this Court finds that certification is appropriate under Federal Rule of Civil Procedure 23(a) and (b)(3). Notice was given by facsimile or U.S. mail to each member of the Settlement Class whose identity could be identified through reasonable effort. Settlement Class Counsel also posted the Settlement Agreement (without exhibits) and Class Notice on the firm's website, www.edcombs.com. The Class Notice and Settlement Agreement (without exhibits) were also posted on www.NABFaxsettlement.com. These forms of Class Notice fully comply with the requirements of Rule 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and are due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit.

A total of 1,457 valid and timely claim forms were submitted. An additional 8 claims were submitted after the July 24, 2021 claims submission deadline. These additional 8 claims are otherwise valid submissions. The late but otherwise valid claims are allowed. Accordingly, 1,465 valid claim forms were submitted.

10. The Court find that Defendant properly and timely notified the appropriate state and federal officials of the Settlement Agreement under the Class Action Fairness Act of 2005 ("CAFA"). *See* 28 U.S.C. § 1715.

## Objections and Opt-Outs

11. No objections were filed by any of the Settlement Class Members.

12. All persons and entities who made timely and valid requests for exclusion are excluded from the Settlement Class and are not bound by this Final Approval Order. One entity, Franklin Medical Center, has timely and validly requested exclusion from the Settlement Class. Accordingly, Franklin Medical Center – Andres Enriquez MD, PA is excluded from the Settlement Class, shall receive no payment pursuant to the Settlement Agreement, and is not bound by this Final Approval Order. *Dkt. No. 322.*

## Class Compensation

13. In accordance with the terms of the Settlement Agreement, North American Bancard, LLC shall provide a total of $2,200,000.00 to the Settlement Fund, less any costs already advanced for notice and administrative expenses,[2] up to a maximum of $100,000.00, pursuant to the terms of the Settlement Agreement. No portion of the Settlement Fund shall revert back to Defendant.

## Releases

14. Upon entry of this Order Finally Approving the Settlement, Plaintiffs and each Settlement Class Member shall be deemed to have granted the releases set forth in the Settlement Agreement.

---

[2] Defendant North American Bancard, LLC has already deposited $100,000 into the Settlement Fund.

**Award of Attorneys' Fees, Costs, and Incentive Award**

15. The Court has considered Settlement Class Counsel's application for attorneys' fees and costs. The Court awards Settlement Class Counsel the sum of $700,000.00 as an award of attorney's fees and costs to be paid exclusively from the Settlement Fund, and finds this amount of fees and expenses are fair and reasonable. This award shall be distributed to Settlement Class Counsel within fourteen (14) days following the Effective Date as that term is defined in the Settlement Agreement.[3]

16. The Court grants Settlement Class Counsel's request for an incentive award to the class representatives, and awards $25,000.00 to West Loop and $10,000.00 to Matus, each to be paid exclusively from the Settlement Fund. The Court finds that these payments are justified by the class representatives' service to the Settlement Class. These awards shall be distributed to West Loop and Matus within fourteen (14) days following the Effective Date as that term is defined in the Settlement Agreement.

**Other Provisions**

17. The Parties to the Settlement Agreement shall carry out their respective obligations thereunder. The Settlement Agreement shall be deemed incorporated herein as if explicitly set forth and shall have the full force and effect of an order of this Court.

18. Neither the Settlement Agreement, the Preliminary Approval Order, this Order finally approving the settlement, nor any of their provisions, nor any of the documents (including but not limited to drafts of the Settlement Agreement, the Preliminary Approval Order, and Order

---

[3] The "Effective Date" is defined in the Settlement Agreement to mean the date upon which all of the following occurs: (a) the Court enters this Final Approval Order; and (b) thee expiration of five (5) business days after the date this Final Approval Order becomes final and non-appealable.

Finally Approving the Settlement), negotiations, or proceedings relating in any way to the settlement, shall be construed as, used as, or deemed to be evidence of an admission or concession of any kind by or against any person, including Plaintiffs, Defendant, or any of the Released Parties, and shall not be offered or received in evidence in this or any other action or proceeding except in an action brought to enforce the terms of the Settlement Agreement or except as may be required by law or court order. This Order is not a finding of the validity or invalidity of any claims or a determination of any wrongdoing by the Defendant or any of the Released Parties. This Order does not constitute any opinion, position, or determination of this Court, one way or the other, as to the merits of the claims and defenses of Plaintiffs, the Settlement Class, or the Defendant.

19. The Court orders North American Bancard, LLC, to deliver the Net Settlement Fund to the Settlement Class Administrator within ten (10) days after the Effective Date as that term is defined in the Settlement Agreement.

20. The Settlement Class Administrator shall take all reasonable steps necessary to ensure that the settlement is effectuated in a manner consistent with the Settlement Agreement.

21. The Settlement Class Administrator shall distribute the Settlement Class Recovery to the Settlement Class Members in accordance with the provisions of this Order and the parties' Settlement Agreement, within thirty (30) days following the Effective Date as that term is defined in the Settlement Agreement.

22. In the event that settlement payments to Settlement Class Members exceed the threshold amounts that must be reported to the Internal Revenue Service by means of an IRS Form 1099, the Settlement Class Administrator will mail W-9 forms to the Settlement Class Members within twenty-one (21) days after entry of this Final Approval Order. Settlement Class Members

have thirty (30) days to respond to a request to complete a W-9 form. If a Settlement Class Member does not submit a W-9 form, the settlement payment will be limited to $599.99.

23. The Settlement Class Administrator shall make the *cy pres* payment, if any, to EPIC thirty (30) days after expiration of the last void date on all of the Settlement Class Members' checks (i.e., both Initial Distributions and Second Distributions, if any).

24. On and after the Effective Date, Plaintiffs and the Settlement Class Members, and each of them, are forever barred and permanently enjoined from directly, indirectly, representatively, or in any other capacity filing, commencing, prosecuting, continuing, or litigating any proceeding against any of the Released Parties in any jurisdiction based on or relating in any way to the Released Claims.

25. The Court further orders that upon the Effective Date, the Settlement Agreement and its releases will be binding on, and have *res judicata* preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf Plaintiffs and/or the Settlement Class Members asserting any of the Released Claims against any of the Released Parties.

26. Settlement Class Counsel shall file a declaration of final accounting of the settlement by March 2, 2022, if there is no Second Distribution. If there is a Second Distribution, Settlement Class Counsel shall file a declaration of final accounting by June 9, 2022.

27. The Parties shall carry out their respective obligations under the Settlement Agreement and as ordered herein.

28. A hearing on the final accounting of the settlement and for entry of a dismissal order is set for June 14, 2022 at 10 a.m.

ENTER:

Dated: **September 09, 2021**

_Ronald A. Guzmán_
United States District Judge